# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2763

_____

United States of America

*Plaintiff - Appellee*

v.

Tywone Derrel Matthews, also known as Lawon Davenport

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: May 17, 2018
Filed: July 10, 2018
[Unpublished]

_____

Before WOLLMAN, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Following a bench trial, the district court[1] convicted Tywone Matthews of three drug offenses involving the possession and distribution of heroin and fentanyl. 21 U.S.C. §§ 841(a)(1), 860(a). On appeal, Matthews challenges the sufficiency of the evidence and an upward departure he received for causing a death. We affirm.

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

We begin with the sufficiency of the evidence. We will uphold a conviction "if a reasonable factfinder could find the offense proved beyond a reasonable doubt, even if the evidence rationally supports two conflicting hypotheses." *United States v. Huggans*, 650 F.3d 1210, 1222 (8th Cir. 2011) (citation omitted). Only if the factfinder "would have had no choice but reasonably to doubt the existence of an element of a charged crime" will we reverse. *United States v. Acosta*, 619 F.3d 956, 960 (8th Cir. 2010) (citation omitted).

For each of the two distribution counts, the government presented testimony from drug buyers who identified Matthews as the seller. The government corroborated the buyers' testimony with a surveillance video showing Matthews entering a car belonging to one of the buyers and eyewitness accounts from government investigators. Even so, Matthews urges us to disregard the buyers' testimony because it is not credible. We cannot do so. It was the factfinder's "prerogative to believe those witnesses" even in the face of attacks on their credibility, particularly in light of the corroborating evidence. *United States v. Lee*, 687 F.3d 935, 941 (8th Cir. 2012).

The possession count presents a closer call. The government charged Matthews with possession with intent to distribute heroin and fentanyl based on drugs it found sitting in the open at a drug house where Matthews was present. Specifically, officers discovered 22 packages of white powder containing heroin and fentanyl, as well as several cellphones, drug-packaging material, and quinine (a common cutting agent for heroin). Seeking to minimize his connection to the drugs, Matthews claims that "[o]ther than his presence . . . on two dates, the government has presented no proof that [he] had anything to do with the heroin distribution operation there." We disagree.

The government's evidence adequately connected Matthews to the drugs, and even more to the point, established that he constructively possessed them. Constructive possession requires knowledge of an object's presence and control over

it. *United States v. Peebles*, 883 F.3d 1062, 1068 (8th Cir. 2018). The evidence established both elements of constructive possession. In addition to finding the drugs in Matthews's presence, the government proved that he participated in the heroin operation and used the drug house as a base of operations. As the district court succinctly explained, "[t]he drugs were in plain view, Matthews knew they were present, he had the ability to control them and, based on his past practice (including a delivery . . . that very day) had the intent to do so." These facts were sufficient to establish constructive possession. *See United States v. McClellon*, 578 F.3d 846, 854–56 (8th Cir. 2009) (concluding there was sufficient evidence that a defendant possessed drugs, in part based on testimony that he sold drugs out of the same room where the drugs were found).

Finally, Matthews challenges an upward departure to his sentence for causing a death. *See* U.S.S.G. § 5K2.1 (permitting a district court to upwardly depart when the criminal behavior results in death). He does not dispute that he is eligible for the departure or that the drugs he sold resulted in a death. Rather, he claims that the district court abused its discretion because it inadequately considered the mitigating factors he raised. *See United States v. Nossan*, 647 F.3d 822, 825 (8th Cir. 2011) (reviewing the decision to depart for an abuse of discretion). We are confident that the court gave due consideration to all of Matthews's arguments, including any mitigating circumstances, because the court explained why it departed, rejected the government's request for a twenty-two-level departure, and imposed a five-level departure instead. Accordingly, we conclude that the court did not abuse its discretion.

The judgment of the district court is affirmed.

_____